## ACTIONS AGAINST THE ESTATE OF AN INSOLVENT.

[Circuit Court of Cuyahoga County.]

### C. W. CORNELL ET AL V. AUGUST SULTER ET AL.

Decided, December 16, 1901.

*Insolvency—General Assignment—Fraudulent Transfer—Suit to Set Aside Should be Prosecuted by the Assignee—Creditors can not Sue after Assignment—Jurisdiction of Common Pleas—Exclusive Jurisdiction of Courts of Insolvency.*

1. A general assignment for the benefit of creditors transfers to the assignee all the rights of the assignor and his creditors in the property covered by the assignment, which includes the interest of the assignor in property held in pledge.
2. The assignee is the proper party to prosecute an action to set aside a fraudulent transfer of property by the assignor, or to determine the rights of persons claiming liens on any of the assigned property, whether held by pledge or otherwise.
3. A general creditor can not, after a general assignment, maintain an action under Section 6344 to have a conveyance or transfer of property, fraudulent as to creditors, declared to be an assignment for the benefit of creditors; but where the assignee refuses to prosecute an action for the recovery of such property, a creditor may proceed in an action in equity as a *cestui que trust* for the protection of himself and others.
4. Courts of insolvency have exclusive jurisdiction in all matters of assignments for the benefit of creditors, in which an adequate remedy can be granted in such courts; and where an assignee has attempted to reach property fraudulently transferred and to marshal liens, the common pleas court is without jurisdiction to set aside a conveyance alleged to have been fraudulent, or to attack the validity of the order made by the court of insolvency. The jurisdiction of the court of common pleas in that behalf is not broadened by making the assignee a party to the suit.

HALE, J.; CALDWELL, J., and MARVIN, J., concur.

Heard on appeal.

This case was submitted on a motion for a judgment on the pleadings. The foundation of such motion rests on the claim that the court of common pleas had no jurisdiction of the action.

We will not attempt to analyze the pleadings filed in the case, which are very voluminous. A very exhaustive review of

the pleadings has been made by counsel upon either side. The following facts, however, appear from the pleadings, and necessary inferences to be drawn therefrom.

On June 18, 1898, August Sulter made a general assignment to —— Lacy of all his property of every kind and nature. The deed of assignment was on the same day filed in the court of insolvency.

At the time of this assignment a large amount of property owned by Sulter was in the possession of Benton & Co., upon which they claimed a lien for certain advancements made to Sulter prior to the assignment, for the security for the payment of which such property was held in pledge by them. Certain other property of the assignor was in the possession of the Sheriff Street Market & Storage Company for which warehouse receipts had been issued by that company. The receipts so issued to Sulter had been by him transferred to the German-American Savings Bank Company as claimed by the bank as security for certain loans made by it to Sulter. George A. and Richard B. Sulter, sons of August Sulter, the assignor, each claimed a lien upon said property by virtue of mortgages issued to them by their father.

We think it plain that all the right, title and interest of the assignor by his assignment passed to and vested in his assignee as well as to this as his other property.

On June 20, 1898, an inventory and apraisement of the property so assigned was made and filed in the insolvency court.

On July 9, 1898, the assignee, Lacy, filed his petition in the court of insolvency, attacking all the liens upon the property held by Benton & Co. and by the Sheriff Street Market & Storage Company, and asking for an order for the sale and marshaling of the liens on the said property. Proceedings prosecuted in said court in that action resulted in a decree marshaling the liens on the said property and ordering the same sold and the proceeds distributed in accordance with the findings of that court.

On June 23, 1898, five days after the assignment by Sulter, this action was commenced by Cornell and others, unsecured creditors of Sulter. The petition states, among other things:

"This suit is brought by plaintiffs pursuant to the provisions of Section 6344, Revised Statutes, for the benefit not only of themselves, but of all such creditors of said August Sulter as may comply with the provisions of said Section 6344."

The object of this action was to have declared void the mortgage liens of George A. and Richard B. Sulter, and also the liens of Benton & Co. and the German-American Savings Bank Co.

By some of the defendants in this action at least, the jurisdiction of the court of common pleas is denied and the facts upon which that denial is based specified. For some reason, not appearing upon the record, the plaintiffs who brought the action have ceased to prosecute the same, but other general creditors having been made parties to the action are continuing the prosecution. These creditors now prosecuting the action were parties to the action brought in the court of insolvency by the assignee, in which it was sought, as already stated, to settle the rights of all the parties to the property involved in this action.

Since the proceedings in the court of insolvency, the assignee, Lacy, has been superseded by Fogle, trustee. In their answers, cross-petition and replies these creditors and Fogle, trustee, attack most vigorously the proceedings in the court of insolvency, and assert that the judgment of that court was brought about, and the assent of the court to the judgment there entered, by the grossest fraud and conspiracy by the assignee, Lacy, and the pretended lien-holders to that property who conspired to cheat and defraud the unsecured creditors of said assignor, Sulter.

Had the court of common pleas jurisdiction of this action, and have we any upon appeal?

We hold that the jurisdiction of the court of insolvency in matters of assignment is exclusive in all respects in which it is adequate to grant the proper relief. Certainly all the proceedings had in that court were strictly within its jurisdiction.

Counsel for Fogle, trustee of the unsecured creditors, answered this question as if there had been no adjudication or attempted adjudication in the court of insolvency.

If there had been no assignment, then a general creditor might commence an action under favor of Section 6345, Revised Statutes, to obtain the relief here sought. If after a general assignment the assignee refused, on request, to bring action to set aside a fraudulent conveyance and to have declared fraudulent and void, mortgages given without consideration, it is not asserted that an unsecured creditor might not bring such action, and that the court of common pleas in such case would not have jurisdiction.

It is conceded in this case that an assignment had been made by Sulter, that the assignee had prosecuted his action in the court of insolvency to determine whether this property had been fraudulently conveyed by Sulter before the assignment and to determine whether any of said liens were fraudulent and void; in which action he sought to marshal the liens and procure a sale of said property.

No request of, or refusal by, the assignee had been made to prosecute this action.

Under the allegations of the petition, clearly the court of common pleas had no jurisdiction of this action.

An assignment having been made covering, as we hold, all the rights of the assignor in this property, it was the duty of the assignee who, by virtue of this assignment, became possessed of all the rights of the assignor and also all the rights of the creditors in the property embraced in the assignment, to enforce all such rights. Nor is the jurisdiction of the court of common pleas enlarged by the answers of the unsecured creditors in attacking the proceedings in the insolvency court as brought about, and the assent of the court obtained to the decree and judgment rendered by fraud on the part of such assignee and the secured creditors. Nor is it material whether or not the judgment of the court of insolvency has been vacated. The action brought in that court has been either finally disposed of or is still pending, and, in either case, the exclusive jurisdiction was in that court. The attack made upon the proceedings of that court as fraudulent can not avail in this action. Parties must either abide by the judgment therein rendered, or seek a review by direct proceedings in error.

From the conceded facts appearing by a careful analysis of the pleadings, we deduce the following propositions which we deem applicable to the case:

First. A general assignment for the benefit of creditors transfers to the assignee all the rights of the assignor and his creditors in the property included in the assignment. This includes all the rights of the assignor in property held by a pledgee as security for a debt.

Second. The assignee is the proper party to prosecute an action to set aside a fraudulent transfer of property or to determine the rights of persons claiming liens on any of the assigned property by pledge or otherwise.

Third. No action can be maintained under Section 6344 of the Revised Statutes of Ohio, by a general creditor after a genral assignment to have a conveyance or transfer of property fraudulent as to creditors, declared an assignment for the benefit of creditors.

Fourth. The creditor may, on refusal of the assignee to prosecute such action, prosecute an action in equity as a *cestui que trust* for the protection of himself and others, but this he can only do when the assignee on request refuses to act.

Fifth. It clearly appears that the assignee not only did not refuse to act, but did himself prosecute an action in the court of insolvency having jurisdiction of the subject-matter of the parties to accomplish every object sought to be attained in this action.

Sixth. The fact that the assignee was made a party to this action in any way, neither operates to change the rights of the parties, or extends the right of the creditor to maintain this action.

Seventh. The court of insolvency is clothed with exclusive jurisdiction in all matters of assignment under our statutes, in which an adequate remedy can be given by that court, and the prosecution of the action in that court by the assignee as attempted by the trustee, Fogle, and the unsecured creditors, takes from them any right they might otherwise have to maintain this action.

The motion for judgment upon the pleadings is sustained.

*J. O. Winship,* for prosecuting creditors and trustee.

*W. W. Reynolds, Brewer, Cook & McGowan* and *John C. Heald,* for W. J. Benton & Co.